**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

CASE NO.:

LORINE SIBISKIE,

    Plaintiff,

vs.

HOLCAM LLC,
a Florida Limited Liability
Company,

    Defendant.
_____/

**COMPLAINT & DEMAND FOR JURY TRIAL**
**INJUNCTIVE RELIEF REQUESTED**
**DECLARATORY RELIEF REQUESTED**

Plaintiff, LORINE SIBISKIE ("Ms. Sibiskie" or "Plaintiff"), by and through the undersigned counsel, files this Complaint against Defendant, HOLCAM LLC ("Defendant" or "HOLCAM"), a Florida limited liability company, and states as follows:

1. Plaintiff brings this action for disability discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*., and the Florida Civil Rights Act, Chapter 760, Florida Statutes ("FCRA").

2. Plaintiff is seeking damages including back pay, front pay, declaratory

relief, injunctive relief, compensatory damages, punitive damages and her attorneys' fees and costs.

## PARTIES

3. Plaintiff is an adult individual who, at all times relevant, worked for Defendant in Punta Gorda, Charlotte County, Florida, and nearby/adjacent counties.

4. Defendant is a Florida limited liability company that operates and conducts business in Punta Gorda, Charlotte County, Florida, and is therefore within the jurisdiction of this Court.

5. Plaintiff is a disabled female. At all times material, Plaintiff was protected during her employment with Defendant by the FCRA and ADA because:

    a. Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination and harassment because of her disability or "perceived disability" by Defendant; and

    b. Plaintiff was discriminated against and suffered adverse employment action and was subjected to an increasingly hostile work environment as a result of her disability or "perceived disability."

6. Defendant was at all material times an "employer" as defined by the ADA and by § 760.02(7), Fla. Stat., as it employed in excess of fifteen (15) employees.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over Plaintiff's ADA claim pursuant to 28 U.S.C. § 1331 as it arises under 42 U.S.C. § 12101, *et seq.*

8. This Court has supplemental jurisdiction over Plaintiff's FCRA claim, as it arises out of the same set of operative facts and circumstances as her ADA claim.

9. Plaintiff worked for Defendant in Charlotte County, Florida, and nearby/adjacent counties, and therefore the proper venue for this case is the Fort Myers Division of the Middle District of Florida.

## CONDITIONS PRECEDENT

10. On or about April 19, 2021, Plaintiff timely dual-filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), and the Florida Commission on Human Relations ("FCHR").

11. On October 5, 2021, the EEOC mailed Plaintiff a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on her disability discrimination claim within ninety (90) days of her receipt of same.

12. More than one-hundred-and-eighty (180) days have passed since the filing of Plaintiff's FCRA claims, rendering Plaintiff's FCRA claims ripe for filing.

13. Plaintiff timely files this action within the applicable period of limitations against Defendant, and has complied with all administrative

prerequisites.

14. All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

15. Ms. Sibiskie worked for HOLCAM as a Client Caregiver Coordinator and, after that, as an Alternate Administrator, from October 14, 2019, until her termination on September 23, 2020.

16. On September 21, 2020, Ms. Sibiskie began experiencing symptoms of a disability, specifically chest pains.

17. Ms. Sibiskie swiftly reported her disability to her Supervisor at HOLCAM, Sunny Cavanaugh.

18. Ms. Cavanaugh ordered Ms. Sibiskie to utilize her own personal paid time off in order to treat and address her disability.

19. Ms. Sibiskie did as directed by Ms. Cavanaugh.

20. Unsatisfied, Ms. Cavanaugh came to Ms. Sibiskie's home and took her work laptop and work cellphone.

21. At that time, Ms. Cavanaugh loudly complained to Ms. Sibiskie that she was "too much of a liability" and demanded that Ms. Sibiskie not return to work until she could prove that she was 100% healed from her disability.

22. Fearful for her job, Ms. Sibiskie told Ms. Cavanaugh that she had a doctor's appointment scheduled for that Friday, September 25, 2020, and would be able to return to work on Monday, September 28, 2020.

23. Ms. Cavanaugh indicated that HOLCAM would be fine with the course of action outlined by Ms. Sibiskie.

24. However, two (2) days later, on September 23, 2020, Ms. Cavanaugh informed Ms. Sibiskie that HOLCAM had decided to terminate her employment, effective immediately.

25. HOLCAM alleged, with no basis for doing so, that Ms. Sibiskie had somehow "abused" her personal time off.

26. Defendant did not have a legitimate, non-discriminatory reason for its actions.

27. HOLCAM terminated Ms. Sibiskie's employment owing to her disability, and/or its perception of Ms. Sibiskie as disabled.

28. The timing of Plaintiff's disclosure of her disability and HOLCAM's termination of her employment creates a close temporal proximity between the two events.

29. Ms. Sibiskie's health condition certainly is considered a protected disability under the ADA.

30. Plaintiff was qualified to perform the essential functions of the position,

but HOLCAM believed that due to her disability, and/or its perception of Plaintiff's disability, Plaintiff could not continue employment with Defendant.

31. The ADA and the FCRA require an employer to provide its disabled employees with reasonable accommodation, if such reasonable accommodation would allow that employee to perform the essential functions of his or her job, unless doing so would impose an undue hardship.

32. Defendant failed to accommodate, or even offer to accommodate, Plaintiff's disability and related symptoms.

33. Defendant's actions are the exact type of unfair employment practices that the ADA and the FCRA were intended to prevent.

34. Defendant lacked a good faith basis for its actions.

35. The facts surrounding Plaintiff's termination create a strong inference of disability discrimination in violation of the ADA and the FCRA.

36. HOLCAM was aware of Ms. Sibiskie's ADA- and FCRA-protected medical condition and her need for accommodation.

37. Defendant, however, being well aware of Plaintiff's disability, discriminated against Plaintiff for requiring reasonable accommodation for same.

38. Ms. Sibiskie is an individual with a disability who, with minimal reasonable accommodation, was fully capable of performing the essential functions of the Alternate Administrator position.

39. Reasonable accommodation would have permitted Ms. Sibiskie to perform her job duties, and would have imposed no undue hardship on Defendant.

40. In the alternative, Defendant perceived/regarded Plaintiff as disabled based on the disclosure of her medical condition, and therefore unable to perform the essential functions of her position, despite the fact that Plaintiff could in fact perform same with or without reasonable accommodation.

41. Defendant's reason for terminating Plaintiff's employment is direct evidence of its intent to insulate its workplace from a disabled employee, or an employee whom Defendant perceived/regarded as disabled, in violation of the ADA.

42. Defendant's termination of Plaintiff constitutes an adverse action as defined by the ADA.

43. At all times material hereto, Plaintiff was ready, willing and able to perform her job duties with or without reasonable accommodation.

44. Despite the availability of a reasonable accommodation under the ADA, which would not have caused Defendant an undue burden, and despite the fact that Plaintiff was not, and would not be, prevented by her medical condition from completing the assigned job duties, Defendant discriminated against Plaintiff based on her disability and need for medical treatment/accommodation.

45. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions, or privileges" of Plaintiff's potential employment as

envisioned by the ADA.

46. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity, but was treated by Defendant as if it did.

47. Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

48. Defendant does not have a non-discriminatory rationale for allowing and participating in the discrimination suffered by Plaintiff.

49. Any reason provided by Defendant for its termination of Plaintiff is a pretext and cover-up for illegal discrimination.

50. Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant. Therefore, she is a member of a protected class as envisioned by the ADA and the FCRA.

51. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately was terminated, because of her disability and/or "perceived disability."

52. "Reasonable accommodation" under the ADA may include "job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices . . .and other similar accommodations." 42 U.S.C. § 12111(9)(B).

53. An employer is required to provide its disabled employees with a

reasonable accommodation, if that reasonable accommodation would allow that employee to perform the essential functions of her job, unless doing so would impose an undue hardship. *Smith v. Avatar Properties, Inc.*, 714 So. 2d 1103, 1107 (Fla. 5th DCA 1998).

54. An employer's imposition of a 100% healed policy against an employee such as Ms. Sibiskie constitutes a *per se* violation of the ADA and the FCRA. *Moore v. Jackson County Bd. of Educ.*, 979 F.Supp.2d 1251 (N.D. Ala. 2013).

55. As a result of Defendant's unlawful and discriminatory termination of her employment, Plaintiff has suffered severe emotional distress, including but not limited to sleeplessness, crippling anxiety, loss of consortium, and family discord.

56. Plaintiff has suffered damages as a result of Defendant's conduct, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

57. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I- DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

58. Plaintiff realleges and adopts the allegations contained in paragraphs 1-57 of the Complaint as if fully set forth in this Count.

59. The acts of Defendant, by and through its agents and employees,

violated Plaintiff's rights against disability discrimination under the ADA.

60. The discrimination to which Plaintiff was subjected was based on her disability, or Defendant's perception that Plaintiff was disabled.

61. Defendant unlawfully terminated Plaintiff's employment based on her medical condition and disability, and/or perceived disability.

62. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

63. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

64. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

### COUNT II- DISABILITY DISCRIMINATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

65. Plaintiff realleges and adopts the allegations contained in paragraphs 1-57 of the Complaint as if fully set forth in this Count.

66. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the Florida Civil Rights Act, Chapter 760, Florida Statutes.

67. The discrimination to which Plaintiff was subjected was based on her disability, or Defendant's perception that Plaintiff was disabled.

68. Defendant unlawfully terminated Plaintiff's employment based on her medical condition and disability, and/or perceived disability.

69. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

70. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, in order to deter it, and others, from such conduct in the future.

71. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated this 23rd day of December, 2021.

Respectfully Submitted,

By: **/s/ Noah E. Storch**
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. State Rd. 84 Suite 103
Davie, FL 33324
Telephone:  (866) 344-9243
Facsimile:    (954) 337-2771
E-mail: noah@floridaovertimelawyer.com

*Attorneys for Plaintiff*